## IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

NATIONWIDE ASSURANCE CO., A/S/O )
BRITTANY LAFAYETTE A/S/O MEHREEN )
AWAN A/S/O BRENDON LAFAYETTE AND )
A/S/O MESHAM AWAN )
                                   )
          Plaintiffs, )
                                   )
      v. )      C.A. No.:  U406-11-504
                                   )
ANTHONY MASSEY AND JESSE JAMES )
                                   )
          Defendants. )

                Submitted:    December 8, 2017
                Decided:      February 26, 2018

Christopher Sipe, Esquire                      Mary Higgins, Esquire
P.O. Box 8092                                Commonwealth Building
Newark, DE 19714                      260 Chapman Road, Suite 201
 *Attorney for Plaintiff*                      Newark, DE 19702
                                        *Attorney for Defendant*

## MEMORANDUM OPINION AND ORDER
## ON DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT

This is a subrogation action. On November 14, 2017, the Defendant, Anthony Massey ("Mr. Massey"), brought the instant Motion to Set Aside Default Judgment.[1] Both parties provided initial briefing on the matter, and a hearing was convened on December 8, 2017. The Court heard oral argument from the parties and reserved judgment. This is the Court's Opinion and Order on Mr. Massey's Motion.

---

[1] The Court will treat Mr. Massey's motion as a Motion to Vacate a Default Judgment under Court of Common Pleas Rule 60(b).

## FACTS AND PROCEDURAL HISTORY

On November 27, 2006, Plaintiff Nationwide Assurance Company ("Plaintiff") filed a Complaint against Defendants Mr. Massey and Jesse James ("Mr. James").[2] Plaintiff alleged that on December 22, 2015, while driving Mr. James's uninsured vehicle, Mr. Massey crashed into the rear of an occupied vehicle. On November 28, 2006, a summons was issued for service by the New Castle County Sheriff. On December 7, 2006, service was made to Mr. Massey by leaving the summons with Mr. James at 11467 Valene Drive, Bridgeville, DE.

On January 2, 2007, Plaintiff filed a Motion for Entry of Default Judgment for want of an answer. Mr. Massey did not respond to Plaintiff's Motion. The Court entered a default judgment against Mr. Massey in the amount of $2,736.00 plus $100.00 in court costs.[3] On March 2, 2007, Plaintiff requested that a copy of the judgment be sent to the Delaware Division of Motor Vehicles ("DMV"), seeking an indefinite suspension of Mr. Massey's driver's license and driving privileges in the State of Delaware. The DMV suspended Mr. Massey's driving privileges, effective May 14, 2007.[4]

On May 15, 2007, Mr. Massey called Christopher Sipe, Plaintiff's counsel, ("Mr. Sipe") to dispute the seriousness of the vehicle crash. Additionally, Mr. Massey told Mr. Sipe he did not care about the suspension of his Delaware driver's license because he had a Maryland driver's license, and told Mr. Sipe he was going to contact an attorney about this matter. Neither Defendant ever raised an issue of service until now.

On October 16, 2015, Mr. Massey called Mr. Sipe, looking to take care of the instant matter because Mr. Massey wanted to transfer his Maryland driver's license to get a Delaware driver's license. Mr. Massey alleged that he knew nothing about the Complaint against him.

---

[2] Mr. James is Defendant's cousin.
[3] It is not clear from the record what date the Court entered judgment against Defendant.
[4] At some point after the vehicle accident, Mr. James declared bankruptcy

2

On June 12, 2017, Mr. Massey emailed Plaintiff's counsel, seeking to resolve the legal matter so the State of Delaware could lift the suspension of his driver's license. Mr. Massey also sought payment arrangements for the amount owed. At some point after, Mr. Massey obtained legal representation and brought the instant Motion.

## STANDARD OF REVIEW

The standard for reviewing a Motion to Vacate Judgment is governed by CCP Civil Rule 60(b). Under Delaware law, a "party moving to vacate a final judgment or order must show that they are entitled to relief under Rule 60(b) by a preponderance of the evidence."[5] Motions to vacate "are within the sound discretion of the trial court, and they are not to be taken lightly or easily granted."[6] "Delaware courts look favorably on motions to vacate default judgments because they promote Delaware's strong judicial policy of deciding cases on the merits."[7]

## PARTIES' CONTENTIONS

Through Counsel, Mr. Massey (hereinafter "Defendant") argues that the default judgment against him is void because he was never served with the Summons and, therefore, the Court lacked personal jurisdiction over him. At the time of the incident, Defendant alleges he lived in Spring Hill, Florida.[8] Defendant alleges he had not given Mr. James authority to accept service for him and alleges Plaintiff never made an attempt to properly serve him through the State's

---

[5] *Butler v. Davis*, 2016 WL 3144556, at *1 (Del. Com. Pl. May 10, 2016).
[6] *Id.* (internal citations omitted).
[7] *Emory Hill & Co. v. Mrfruz LLC*, 2013 WL 5347519, at *4 (Del. Super. Sept. 24, 2013) (internal citations and quotations omitted).
[8] Defendant alleges he has not lived in the State of Delaware since 2003.

3

then-in-effect Long Arm Statute, 10 Del. C. § 3112.[9] Mr. Massey declined to appear for his own motion.

Plaintiff alleges Defendant was properly served when the Sherriff left the summons with Mr. James. Plaintiff states that Mr. James voluntarily accepted service of two copies of the Complaint and Summons, one for him and one for Defendant.[10] Plaintiff further alleges Defendant learned about the claim against him shortly after the vehicle collision occurred, was "actively collaborating with Mr. James" during that period, and had asked Plaintiff's counsel for a payment arrangement multiple times. Plaintiff argues that granting Defendant's motion, over 10 years after the instant action started, would be unfairly prejudicial towards it.

## DISCUSSION

Under CCP Rule 60(b), a party moving to vacate a default judgment must satisfy the following three elements: "(1) excusable neglect in the conduct that allowed the default judgment to be taken; (2) a meritorious defense to the action that would allow a different outcome to the litigation if the matter was heard on the merits; and (3) a showing that substantial prejudice will not be suffered by the plaintiff if the motion is granted."[11] Excusable neglect is

---

[9] 10 *Del. C.* § 3104 governs personal jurisdiction by acts of nonresidents. Service may be made by any of the following means, provided that the means are reasonably calculated to give actual notice:
    (1) By personal delivery in the manner prescribed for service within this State.
    (2) In the manner provided or prescribed by the law of the place in which the service is made for service in that place in an action in any of its courts of general jurisdiction.
    (3) By any form of mail addressed to the person to be served and requiring a signed receipt.
    (4) As directed by a court.
10 *Del. C.* § 3104(d).

[10] Plaintiff argues states the process server would not have left the two copies of the Complaint with Mr. James "without first verifying with him that [Defendant] had lived there along with him." Pl. Opp'n Br. at ¶ 2.

[11] *Credit Acceptance Corp. v. Barkley*, 2010 WL 2346220, at *1 (Del. Com. Pl. May 4, 2010) (citing to *Perry v. Wilson*, 2009 WL 1964787, at *1 (Del. Super. July 8, 2009).

4

defined as "that neglect which might have been the act of a reasonably prudent person under the circumstances."[12]

When a Motion to Vacate is brought because the underlying complaint was not properly served, the Court must determine whether the defendant has met his burden of demonstrating improper service.[13] "When service is defective, it is no excuse that the plaintiff has acted in good faith to perfect service. The plaintiff bears the burden of demonstrating that service of process was effective."[14] However, when a significant period of time passes between the entry of default judgment and the motion to vacate, the Court will determine whether "a reasonable person should have been aware of a judgment entered against him well before the expiration of" such time.[15]

Here, Defendant alleges that he was not properly served by Plaintiff. The Court does not find Defendant's claim of improper service credible. Shortly after the motor vehicle incident occurred, Defendant was actively collaborating with Mr. James on the instant matter. That Defendant was collaborating with his cousin on this matter but did not know that he was also a party to the lawsuit by Plaintiff is highly improbable. Further, a day after the DMV suspended his driver's license, Defendant called Plaintiff's counsel to dispute the seriousness of the crash. Defendant also told Plaintiff's counsel that he did not care that the DMV suspended his Delaware driver's license because he had one from another state and that he would contact an attorney to deal with this matter. Again at that time, Defendant did not bring up the alleged

---

[12] *Id.; see id.* ("A defendant's failure to understand the Complaint or how to respond does not constitute excusable neglect.").

[13] *See Credit Acceptance Corp. v. Evans,* 2014 WL 3531701, at *2 (Del. Com. Pl. June 13, 2014).

[14] *Thomas v. Nationstar Mortgage, LLC,* 2015 WL 5766775, at *2 (Del. Super. Sept. 18, 2015) (internal citations omitted).

[15] *Credit Acceptance Corp. v. Evans,* 2014 WL 3531701, at *2.

5

improper service or lack of knowledge of the instant matter. Therefore, the Court finds that Defendant was properly served with summons by Plaintiff.

Now, more than 11 years after the start of this action, Defendant asks the Court to vacate a Default Judgment that Defendant has known of for quite some time. The Court finds that Defendant does not satisfy the elements required for the Court to vacate a default judgment.[16] *First*, there was no excusable neglect in the conduct that allowed the default judgment to occur. Defendant knew that there was an action against him and decided to take no further action. A "reasonably prudent person" at that time would have responded to either Plaintiff's Complaint or Plaintiff's Motion for Default Judgment.[17] Defendant did not do anything after learning of the lawsuit.

*Second*, Defendant did not provide any evidence that "a meritorious defense to the action that would allow a different outcome to the litigation if the matter was heard on the merits."[18] Defendant merely relied on his argument that he was never served.

*Third*, Defendant has failed to show that substantial prejudice will not be suffered by the plaintiff if the Court grants his motion.[19] The default judgment was granted by the Court more than 11 years ago, around the same time the incidents that led to the lawsuit occurred. It would be extremely prejudicial for Plaintiff if the Court grants the motion and Plaintiff is forced to relitigate the instant matter.

Finally, due to the significant period of time between the Default Judgment and Defendant's motion, the Court finds that a reasonable person should have been aware of a

---

[16] *See* CCP Rule 60(b).
[17] *See Credit Acceptance Corp. v. Barkley*, 2010 WL 2346220, at *1.
[18] CCP Rule 60(b).
[19] *Id.*

6

judgment entered against them.[20] The Court further finds the Defendant knew of the Default Judgment against him, at least, by May 15, 2007, the date he called Plaintiff's counsel to argue the seriousness of the accident and the suspension of his driver's license. Defendant chose to do nothing about it at that time, but now wants the Court to set aside the Default Judgment and reopen the case.

Because Defendant does not satisfy the requirements imposed by Court of Common Pleas Rule 60(b), the Court denies Defendant's Motion to Set Aside Default Judgment.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** this 26th day of February, 2018, that Defendant's Motion to Vacate Judgment is **DENIED**.

The Honorable Carl C. Danberg
Judge

cc:     Patricia Thomas, Judicial Case Manager

---

[20] *Credit Acceptance Corp. v. Evans*, 2014 WL 3531701, at *2.